# IN THE UNITED STATES DISTRICT COURT,
## NORTHERN DISTRICT OF OHIO,
### WESTERN DIVISION

|  |  |
|---|---|
| United States of America, | Case No. 3:03-cr-0739-07 |
| Plaintiff, | Judge James G. Carr |
| v. | **ORDER** |
| Jason Fowler, | |
| Defendant. | |

Pending is the Defendant's Motion to Reduce Sentence under Amendment 821 to the Sentencing Guidelines**.** (Doc. 2308). In accordance with this Court's Order, after filing the Motion *pro se,* the matter was referred to the Federal Public Defender's Office (FPD) for review. N.D. Ohio General Order 2023-20, ¶I (11/23/2023). Under this Order, the FPD has the right to file a supplemental motion in support of a *pro se* defendant's request. *Id.* ¶V. The FPD filed a Notice of No Intent to Supplement (Doc. 2310). The Government has filed a Response in Opposition. (Doc. 2311).

## Background

Defendant, a former member of the Outlaws Motorcycle Gang, was indicted, along with thirty-seven other gang members, for various crimes. A jury convicted Defendant on (1) RICO; (2) Conspiracy to violate RICO; (3) Drug Conspiracy; and (4) Firearms Conspiracy. (Doc. 1168).

On October 18, 2004, the late Judge David A. Katz sentenced Defendant to a total of 396 months. (Doc. 1502, Doc. 1507). On appeal, the Sixth Circuit vacated the sentence due to a sentencing error on Count 4. (Doc. 1979). *See, United States v. Fowler*, 535 F.3d 408, 422-3 (6th Cir. 2008). Defendant was resentenced on June 1, 2009 (Doc. 2059). This time, he was sentenced

to 348 months. (Doc. 2059, Doc. 2061). The Sixth Circuit affirmed this judgment. (Doc. 2195).
*See, United States v. Fowler*, 450 F. App'x 494, 496 (6th Cir. 2011).

**Discussion**

The Government opposes Defendant's Motion because: 1) Defendant was not  a zero-point offender; 2) the crimes for which he is serving his 348 month sentence make him ineligible under Amendment 821; 3) even if that were not so, Defendant's crimes of conviction (use of a firearm in commission of a drug trafficking crime and crimes of violence) preclude a reduction under Amendment 821; and 4) likewise Defendant's participation in a murder precludes application of the Amendment. (Doc. 2311, pgID 8067).

In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added what now appears in Section 4A1.1(c), providing a 2-offense-level reduction for many offenders who present zero criminal history points. But Defendant was not a zero-point offender. And even if Defendant had zero criminal history points, which he did not, he is not entitled to reduction having committed crimes that render him ineligible. See, 18 U.S.C. § 924(o); U.S.S.G. § 4C1.1(a)(7). Further, Defendant was sentenced for RICO violations for his participation in a robbery and murder he committed with a fellow gang member and co-conspirator, solidifying ineligibility for sentence reduction under § 4C1.1(a)(3) (disqualifying crimes of violence) and § 4C1.1(a)(4) (disqualifying offenses resulting in death or bodily injury).

Simply, Defendant is not eligible for sentence reduction.

For the foregoing reasons, it is hereby

ORDERED THAT:  The Defendant's Motion to Reduce Sentence (Doc. 2308) be, and the same hereby is, **denied**.

So ordered.

/s/ James G. Carr
Sr. U.S. District Court Judge
DATE: 5/8/2024

2